IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lenk,<br><br>   Plaintiff,<br><br>v.<br><br>Maxim Integrated Products Incorporated,<br><br>   Defendant. | No. CV-23-00228-PHX-DMF<br><br>**ORDER** |

This matter is before the Court on Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. 42), which is fully briefed (Docs. 46, 47). In its pending motion (Doc. 42), Defendant requests that the Court dismiss as futile two claims in Plaintiff's First Amended Complaint (Doc. 41): Plaintiff's sixth cause of action for whistleblower retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1541A(a), and seventh cause of action for whistleblower retaliation in violation of the Securities Exchange Act of 1934, 15 U.S.C. 78u-6(h)(1). Defendant requests that the dismissal of such claims be with prejudice (Doc. 42 at 5). As set forth below, the Court will grant the motion in part.

**I. SUMMARY OF PERTINENT PROCEDURAL HISTORY**

On February 3, 2023, Plaintiff filed a pro se Complaint initiating this action alleging age discrimination in the employment setting (Doc. 1) and paid the filing fee (Doc. 3). The Complaint alleged five causes of action, all arising from the allegation that Defendant discriminated against Plaintiff because of Plaintiff's age when Defendant did not hire

Plaintiff in 2021 (*Id.*). Plaintiff has remained self-represented throughout this litigation.

On April 17, 2023, Defendant filed an Answer to Plaintiff's Complaint (Doc. 17). Both parties have consented to proceedings before a United States Magistrate Judge (Docs. 11, 14, 15). On May 26, 2023, the Court held a Case Management Conference (Doc. 24). On May 29, 2023, a Case Management Order issued (Doc. 25), which included a requirement that all motions to amend the pleadings "be filed promptly and no later than **60 days** from the date of" the Case Management Order (*Id.* at 1-2).

Seventy-one days after the filing of the Case Management Order, Plaintiff filed a motion for leave to amend the Complaint, which Defendant opposed (Docs. 25, 30, 31, 36, 39). On September 14, 2023, the Court granted Plaintiff's untimely motion for leave to amend the Complaint (Doc. 40). In granting Plaintiff's untimely motion to amend, the Court stated:

> The Court has carefully reviewed the briefing, the record in this matter, and applicable law. There is no doubt that Plaintiff could have, and likely should have, acted more diligently. Further, Plaintiff provides quite generalized representations that he only realized through discovery in these proceedings that his new proposed claims are viable. Yet, the requested amendment at this stage would not cause undue delay in these proceedings given the stage of these proceedings. At this stage, there may be no delay as the discovery deadline is months away. Further, disallowing the amendment in this case, likely prompting Plaintiff to file a separate action based on the proposed amendments to add two causes of action, would be inefficient.
>
> Insofar as futility of Plaintiff's proposed amendments adding two additional claims, Defendant makes some salient points. Nevertheless, the Court will not close off Plaintiff's proposed new claims on grounds of futility at this stage. The United States Court of Appeals for the Ninth Circuit has instructed that courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). To be clear, in allowing Plaintiff to file his lodged First Amended Complaint (Doc. 31), the Court is not foreclosing Defendant's right to file any motion to dismiss, for judgment on the pleadings, or summary judgment motion.

(*Id.* at 2-3).

On September 14, 2023, Plaintiff's First Amended Complaint was filed (Doc. 41). Additions to the Complaint are reflected in the First Amended Complaint by double underline (*Id.*). *See* LRCiv 15.1. In his First Amended Complaint, Plaintiff added a sixth cause of action for whistleblower retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1541A(a), and a seventh cause of action for whistleblower retaliation in violation of the Securities Exchange Act of 1934, 15 U.S.C. 78u-6(h)(1).

Defendant's pending motion to dismiss counts six and seven of Plaintiff's First Amended Complaint contains the required certification of conferral (Doc. 42 at 5). In the certification of conferral, Defendant states:

> Pursuant to Local Rule 12.1(c), undersigned counsel for Defendant certifies that on September 25, 2023, defense counsel met and conferred via written correspondence with Plaintiff regarding the deficiencies in the FAC and requested a phone call to personally confer. The next day, Plaintiff responded that he disagreed with Defendant's position and stated that he was not available to personally confer prior to the deadline for filing this Motion. Ultimately, the parties were able to confer telephonically on September 28, 2023 regarding the deficiencies in Plaintiff's FAC, and Plaintiff agreed that he would amend his FAC. However, following the parties' teleconference, Plaintiff emailed defense counsel retracting his agreement to amend his FAC and stating that he believes he sufficiently pleaded his claims. Thus, the parties were unable to reach an agreement regarding the deficiencies in the FAC.

(*Id.*)

After Defendant filed the motion to dismiss (Doc. 42), Plaintiff untimely filed a Second Amended Complaint, and did so without leave of Court (Doc. 44). The Court struck Plaintiff's untimely and unauthorized Second Amended Complaint (Doc. 45).

## II.  LEGAL STANDARDS

Dismissal of a complaint, or any claim within it, for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be based on either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121–22 (9th Cir. 2008) (quoting *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)). In determining

whether a complaint states a claim under this standard, the allegations in the complaint are taken as true and the pleadings are construed in the light most favorable to the nonmovant. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 900 (9th Cir. 2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). But "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation omitted). To survive a motion to dismiss, a complaint must state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Further, "[a] pro se complaint must be 'liberally construed,' since 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Entler v. Gregoire*, 872 F.3d 1031, 1038 (9th Cir. 2017) (quoting *Erickson*, 551 U.S. at 94); *see also Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

As a general rule, when deciding a Rule 12(b)(6) motion, the court looks only to the face of the complaint and documents attached thereto. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If a court considers evidence outside the pleading, it must convert the Rule 12(b)(6) motion into a Rule 56 motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003); Fed. R. Civ. P. 12(d). Without converting the motion to dismiss into a motion for summary judgment, however, the court may consider material that is properly submitted as part of the complaint, documents that are not physically attached to the complaint where their authenticity is not contested and the plaintiffs' complaint necessarily relies on them, and matters properly subject to judicial notice. *See Lee v. City of Los Angeles*, 250 F.3d 668,

688-89 (9th Cir. 2001); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

### III.  DEFENDANT'S MOTION TO DISMISS PORTIONS OF PLAINTIFF'S FIRST AMENDED COMPLAINT (Doc. 42)

This matter is before the Court on Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. 42), which is fully briefed (Docs. 46, 47).  In its pending motion (Doc. 42), Defendant requests that the Court dismiss as futile two claims in Plaintiff's First Amended Complaint (Doc. 41): Plaintiff's sixth cause of action for whistleblower retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1541A(a), and seventh cause of action for whistleblower retaliation in violation of the Securities Exchange Act of 1934, 15 U.S.C. 78u-6(h)(1).  Defendant requests that the dismissal of such claims be dismissal with prejudice (Doc. 42 at 5).  The Court has carefully considered the parties' arguments, the record in this matter, and the applicable law, concluding as follows below.

### A.  Plaintiff's Sixth Cause Of Action For Whistleblower Retaliation In Violation Of The Sarbanes-Oxley Act, 18 U.S.C. § 1541A(A) ("SOX Claim")

To state a prima facie case under § 1514A, a plaintiff must allege that (1) he engaged in protected activity, (2) the employer knew of the protected activity, (3) he suffered an adverse personnel action, and (4) his protected activity was a contributing factor in the adverse personnel action. *See Coppinger-Martin v. Solis*, 627 F.3d 745, 750 (9th Cir. 2010).

Perhaps not as artfully plead as an attorney would have drafted, Plaintiff's First Amended Complaint, including its incorporated Exhibit J, alleges that Plaintiff's communications in 2005 were a protected activity, that Defendant knew of the protected activity,[1] and that the protected activity was a contributing factor in the adverse personnel action of Defendant's failure to hire Plaintiff pursuant to Plaintiff's employment

---

[1] At this motion to dismiss stage, it is reasonably inferred from assertions in the First Amended Complaint that Plaintiff alleges that the hiring managers in 2021 knew about Plaintiff's alleged protected activity years prior.  Whether or not Plaintiff can provide sufficient proof of this knowledge for the viability of his SOX Claim at later stages in this matter is a question to be addressed after the parties have had opportunity to conduct discovery.

applications submitted in 2021 (Doc. 41 at 34-36; Doc. 41-1 at 17-64). To the extent that Defendant's motion to dismiss construes Plaintiff's First Amended Complaint more broadly than such, the motion to dismiss may misconstrue the First Amended Complaint. Nevertheless, if Plaintiff intends that his claim in his sixth cause of action encompass adverse employment action in or before 2005, this portion of his sixth cause of action is time-barred and is dismissed with prejudice due to futility. *See* 18 U.S.C. §1514A(b)(2)(D). Further, to the extent that Defendant's reply (Doc. 47) suggests that Plaintiff's sixth cause of action claims retaliation for Plaintiff making the August 2021 Department of Labor complaint (Doc. 41-1 at 17-64), Defendant is correct that the sixth cause of action fails to state a claim for such and this portion of the sixth cause of action is dismissed without prejudice. Despite dismissal without prejudice regarding retaliation for the August 2021 Department of Labor complaint, leave to amend is not granted for several reasons, including untimeliness of additional amendment under the Case Management Order, the stage of these proceedings, Plaintiff having been granted previous opportunity to amend, that the remainder of the claims in this matter involve applications for employment in 2021 before the August 2021 Department of Labor complaint, and apparent futility of amendment on the record before the Court.

Applying the applicable pleading standards, the Court otherwise denies Defendant's motion to dismiss the sixth cause of action, the SOX Claim, in Plaintiff's First Amended Complaint.

**B.     Plaintiff's Seventh Cause Of Action For Whistleblower Retaliation In Violation Of The Securities Exchange Act Of 1934, 15 U.S.C. 78U-6(H)(1) ("Dodd-Frank Claim")**

In his First Amended Complaint, Plaintiff fails to allege that he provided information concerning suspected securities-law violations to the U.S. Securities and Exchange Commission (Doc. 41 at 36-37). Therefore, Plaintiff is not a "whistleblower" entitled to protection under § 78u-6(h). *Digital Realty Trust, Inc. v. Somers*, 583 U.S. 149,

163 (2018).[2]  Defendant is correct that Plaintiff misreads the Supreme Court's holding in *Somers*, which was clearly stated:

> Somers did not provide information 'to the Commission' before his termination, § 78u–6(a)(6), so he did not qualify as a 'whistleblower' at the time of the alleged retaliation. He is therefore ineligible to seek relief under § 78u–6(h).

583 U.S. at 163.

Thus, the Court will dismiss without prejudice the seventh cause of action of the First Amended Complaint, the Dodd-Frank Claim, for failure to state a claim.  Leave to amend is not granted as part of the dismissal for several reasons, including untimeliness of additional amendment under the Case Management Order, the stage of these proceedings, Plaintiff having been granted previous opportunity to amend, and apparent futility of amendment on the record before the Court.  If Plaintiff seeks leave to amend for any claim or partial claim dismissed without prejudice herein, he must file a motion for leave to amend within twenty-eight (28) days of the date this Order is signed, and Plaintiff must comply with LRCiv 15.1, curing deficiencies identified herein.

Accordingly,

**IT IS ORDERED** granting in part Defendant's Motion to Dismiss Portions of Plaintiff's First Amended Complaint (Doc. 42) as stated herein.

**IT IS FURTHER ORDERED** dismissing with prejudice as time-barred Plaintiff's sixth cause of action for whistleblower retaliation in violation of the Sarbanes-Oxley Act, 18 U.S.C. § 1541A(a) ("SOX Claim") to the extent that the First Amended Complaint brings a SOX Claim for any adverse action in or before 2005 rather than Plaintiff's applications for employment with Defendant in 2021.

**IT IS FURTHER ORDERED** dismissing without prejudice for failure to state a claim Plaintiff's sixth cause of action, the SOX Claim, to the extent that such cause of action claims retaliation for Plaintiff making the August 2021 Department of Labor

---

[2] The parties cited the same case but using a different reporter, 138 S. Ct. 767, 778, which is the Supreme Court Reporter versus the United States Reports.

complaint (Doc. 41-1 at 17-64).

**IT IS FURTHER ORDERED** dismissing without prejudice for failure to state a claim Plaintiff's seventh cause of action for whistleblower retaliation in violation of the Securities Exchange Act of 1934, 15 U.S.C. 78u-6(h)(1) ("Dodd-Frank Claim") of Plaintiff's First Amended Complaint (Doc. 41).

**IT IS FURTHER ORDERED** that if Plaintiff seeks leave to amend for any claim or partial claim dismissed without prejudice herein, he must file a motion for leave to amend within **twenty-eight (28) days of the date this Order is signed**, and Plaintiff must comply with LRCiv 15.1, curing deficiencies referenced herein in a lodged proposed second amended complaint.

Dated this 30th day of November, 2023.

_____
Honorable Deborah M. Fine
United States Magistrate Judge