THIS DOCUMENT IS NOT IN PROPER FORM ACCORDING TO FEDERAL AND/OR LOCAL RULES AND PRACTICES AND IS SUBJECT TO REJECTION BY THE COURT.
REFERENCE CIVIL 5.4
(Rule Number/Section)

FILED LODGED
RECEIVED COPY
DEC 1 8 2023
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY DEPUTY

Kenneth Lenk, *pro se*
3310 South Buckskin Way
Chandler, AZ 85286
(215) 668-8136
ken_lenk@yahoo.com

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**PHOENIX DIVISION**

| | |
|---|---|
| **Kenneth Lenk;** Plaintiff, *pro se* | **CV23-00228-PHX-DMF** |
| vs. | |
| **Maxim Integrated Products, Inc.;** Defendant | **PLAINTIFF'S MOTION FOR RESOLUTION OF DISCOVERY DISPUTES** |

1. HERE COMES Plaintiff Lenk requesting the Court's intervention to resolve the discovery dispute in this action. While Plaintiff believes Defendant's dilatory actions warrant relief via a Motion to Compel Discovery pursuant to FRCP 37, he willingly complies with Judge Fine's Case Management Order, Rule 6, requiring this Motion for Discovery Dispute.

2. Pursuant to the timeline enclosed in Plaintiff's attached summary, he has been diligently attempted to obtain the discovery materials necessary to adjudicate his case, which Defendant has purposely evaded.

3. As noted in the timeline, there have been several attempts to Meet and Confer, in which Plaintiff produced documentation (for Defendant) noting the deficiency of Defendant's submissions (including providing information to remind Defendant which Applicant Tracking Systems they possibly use, based on Internet information obtained).

4. Even with such, Defendant purposely refuses to provide such information which interferes with Plaintiff's ability to litigate this action (and in this instance, their dilatory actions interfere with Plaintiff's ability to identify Expert witnesses, as Defendant continues to deny Plaintiff the information, i.e. their applicant tracking system.

5. Plaintiff, in an effort to get his discovery moving forward, requested Defendant for dates to depose Rod Ibieta and Kevin Schemansky, which they again failed to provide. Finally, Plaintiff selected specific dates (Jan 04, 2024) for those depositions, which Defendant continues their dilatory responses – *"We are working with our client to get dates for the depositions" Dec 07, "We will check that date on our end" Nov 30,* and nothing else since Plaintiff's Nov 30 request, effectively killing those dates due to their dilatory actions.

6. By copy of this Motion, Plaintiff validates his sincere effort pursuant to LRCiv 7.2(j) to resolve this discovery and that an impasse has been reached.

7. Defendant, in their prior Motion Extending time, also validated the attempt to resolve this dispute via Meet and Confers. Combined, these two validations should serve the intent of the joint certification -- Rule 6.

8. Plaintiff provided Notice to Defendant of his attempt to resolve this discovery issue with he Court via Motion, in which he requested their summary statement several times, which Defendant failed to produce.

9. Plaintiff attempted one last ditch effort in which Defendant required him to provide his position statement first so they could craft their reply -- *"Please provide us with your portion of the Motion for Resolution of Discovery/Disclosure Dispute and we will insert our position to complete the joint document. We need your section in order to draft our responsive section" 12 Dec 23 9 am email from Ms. Campos.*

10. Plaintiff waited for one more business day after his requested response due date, and Defendant again failed to comply.

11. Hence, Plaintiff is forced to submit this Motion without their submission, in which he requests the Court's intervention to obtain the discovery information from Defendant. Plaintiff will amend this Motion once (and if) Defendant's response is received.

DATED this 14th day of December, 2023

/s/ Kenneth Lenk
Kenneth Lenk, pro se
3310 South Buckskin Way
Chandler, AZ 85286
(215) 668-8136
ken_lenk@yahoo.com

# CERTIFICATE OF SERVICE

## CV23-00228-PHX-DMF

I hereby certify that on 14 December 2023, I served the following:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FAC**

to the Clerk's Office of the District of Arizona Federal Court located at:
**United States District Court District of Arizona**
**Sandra Day O'Connor U.S. Courthouse, Ste 130**
**401 West Washington Street, SPC 1**
**Phoenix, AZ 85003-2118**
and to:
**Kristy Peters**
**Littler Mendelson, P.C, Camelback Esplanade**
**2425 East Camelback Road, Suite 900**
**Phoenix, AZ 85016-4242**

via United States Postal Service First Class mail by placing said mailing(s) in the USPS Layton Lakes Community mailbox located on South Huachuca Way, Chandler, AZ 85286 on said date above.

/s/ Kenneth Lenk

## PLAINTIFF'S POSITION STATEMENT

Plaintiff asserts that Defendant, who already admitted to age discrimination -- higher younger persons for roles Plaintiff was qualified for, and their willing violation of violation of *CCR, Title 2 §11079* is purposely avoiding discovery to impede Plaintiff from a fair trial (and to keep Plaintiff from escalating a disparate treatment claim to a possible class action disparate impact for Application Tracking System discrimination -- *Mobley v. Workday, Inc. 3:23-cv-00770 (N.D. Cal. Feb 21, 2023).*

Defendant has previously illustrated their priorities, which place their own interests above the law (when they violated significant SEC laws backdating stock options). Plaintiff attempted to bypass Defendant's willful failure to provide discovery information via the deposition process, which Defendant dilatory tactics impedes his fact discovery even further, per the timeline below:

**June 29, 2023** – Plaintiff provided his Initial Interrogatory and Request for Production which included specific information -- Interrogatory #5 is one example -- If defendant uses any type of applicant tracking, employment application or flow system, state with particularity the process flow (including dates) used to evaluate each of plaintiff's applications and provide copies of the process flow with notes from each evaluator for each position plaintiff applied to. Also provide copies of the process flow with notes from each evaluator for all candidates for each position plaintiff applied to.

**Aug 02, 2023** – Plaintiff requested Discovery status -- *"does Maxim have my response (to the Interrogatories and Request for Production) ready?"* Defendant responded stating: "*We will serve Defendant's responses to your Interrogatories and Requests for Production of Documents by tomorrow."*

**Aug 03, 2023** -- Defendant provided a limited set of responses, while requesting a two week extension stating -- "*We are working with our client to finalize Defendant's initial discovery responses, however the person who will confirm some of the information necessary is currently out of the office. Are you agreeable to a two week extension to August 17, 2023 for Defendant to serve its responses to your first set of Interrogatories and Requests for Production of Documents?"* Plaintiff responded: *"it appears Maxim will not be providing the proper responses for 2 weeks (person out) suggesting the responses will be lacking pertinent detailed information sought, which in itself, qualifies as a non-answer pursuant to FRCP 33(a)(4)."* Plaintiff further noted: *"Maxim is already late in answering pursuant to FRCP 33(b)(2) et al."* and "*The Ninth Circuit ...was clear on how the Courts treat abusive behavior: Litigation is not a game. It is the time–honored method of seeking the truth, finding the truth, and doing justice. When a corporation and its counsel refuse to produce directly relevant information an opposing party is entitled to receive, they have abandoned these basic principles in favor of their own interests. Haeger v. Goodyear Tire & Rubber Co., 813 F.3d 1233, 1237 n.1 (9th Cir. 2016), rev'd and remanded, 581 U.S. 101, 137 S. Ct. 1178, 197 L. Ed. 2d 585 (2017)."*

**Aug 04, 2023** Plaintiff stated: *"I have reviewed Maxim's responses and find a significant amount of pertinent discover information missing from my requests"* ... *"Toward that, I will be constructing (and providing) a dispute list for our Meet and Confer discussion I will request early next week"*

**Aug 17, 2023** -- Defendant provided amended responses (which fail to provide the information requested): -- "*Generally, applicants apply for job positions on Defendant's career site. These applications are submitted into Defendant's applicant tracking system and tied to the specific position*

*to which the applicant applied. Then typically a Recruiter reviews each applicant's resume to evaluate whether the applicant meets the minimum job requirements. If an applicant meets the minimum job requirements, then the Recruiter will share the resume with the Hiring Manger*". Defendant's response (already 2 weeks late) lacks specifics and is useless as it lack factual basis.

**Aug 18, 2023** – Plaintiff notices Defendant their latest Interrogatory and Request for Production amendments are inadequate stating: "I find their responses lacking (as noted below in my responses below, in bold) in which he listed specifics." Plaintiff requests a Meet and Confer for resolution.

**Aug 25, 2023** – Defendant postponed the Meet and Confer scheduled for this day to Aug 29, 2023. Plaintiff requested possible dates for depositions of Kevin Schemansky and Rod Ibieta.

**Aug 29, 2023** – A Meet and Confer meeting was held. Again Defendant was missing pertinent information. Plaintiff followed up via email stating: "Per our call earlier today, which Maxim was missing significant discovery details about the hiring process -- Here are the details for Maxim's ATS and Core HR to help their memory" (per Internet obtained information).

**Sept 20, 2023** -- A Meet and Confer meeting was scheduled for this day, again postponed by Defendant to Sept 22.

**Sept 22, 2023** -- A Meet and Confer meeting was held, which Plaintiff provided an updated list of missing discovery items from his prior requests.

**Sept 23, 2023** -- Plaintiff provides Defendant with a Sept 23, 2023 missing discovery item list which they ignore, as they are focused on disposing Plaintiff's FAC.

**Nov 10, 2023** – Plaintiff notices Defendant of their failure to produced items as requested several times prior. Defendant finally produces some information (identifying 7 Maxim employees but fails to list specific details on how they are relevant to the applicant review/processing flow).

**Nov 13, 2023** – Plaintiff reiterates his request for the missing discovery information, with specific regard to the applicant tracking system.

**Nov 30, 2023** -- Plaintiff specifically requests depositions for Rod ibeita and Kevin Schemansky on Jan 04, 2024. Defendant again responds *"We are working with our client to gather dates for the depositions you've requested"*

**Dec 07, 2023** – Plaintiff requests confirmation of deposition dates. Defendant again responds with *"We are working with our client to get dates for the depositions*". Plaintiff again provides a list of missing discover items (highlighting them in red font) and advises Defendant of his interest to file a Motion to correct the discovery issues, and requests a position statement from Defendant.

**Dec 11, 2023** – Plaintiff provides Defendant notice of his intend to file discovery motion

**Dec 12, 2023** – Plaintiff again requests a Defendant's position statement for compliance to the Case Management Order Rule 6.